**STATE of Oklahoma ex rel. OKLAHO-MA BAR ASSOCIATION, Complainant,**

**v.**

**Rolla Jay COOK, Respondent.**

**S.C.B.D. No. 2657.**

Supreme Court of Oklahoma.

April 12, 1983.

Gary A. Rife, Gen. Counsel, Timothy P. Morris, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Rolla Jay Cook, pro se.

LAVENDER, Justice:

This matter is before the Supreme Court of the State of Oklahoma on the Motion of the Oklahoma Bar Association to enter a Final Order of Discipline under Rule 7.4 of the Rules Governing Disciplinary Proceedings (Title 5, Ch. 1, App. 1–A, West's OSA).

Respondent, a member of the Oklahoma Bar Association, was convicted by a jury of the crime of embezzlement and false account of officer (21 O.S.1971, § 341) in the District Court of Muskogee County, Oklahoma.

The essence of the crime was that Respondent, while acting in his capacity as Special District Judge of Muskogee County, accepted a defendant's plea of guilty and took charge of the imposed fine of $500, but not until twenty months later did he deliver this fine to the court clerk's office as required by law. Further, Respondent caused to be recorded on the court clerk's records a notation setting the plea of guilty to correspond with the delivery date of the fine to the court clerk and not the date of the actual proceedings held twenty months earlier.

On December 27, 1978, this Court entered its order suspending Respondent from the practice of law in the State of Oklahoma until further order of this Court pursuant to its authority under Article X, Section 4 of the Rules Creating and Controlling the Oklahoma Bar Association then in effect, and on April 24, 1979, this Court entered its order continuing Respondent's suspension pending outcome of any appeal by Respondent to the Court of Criminal Appeals or until further order of this Court.

On August 25, 1982, the judgment and sentence imposed upon Respondent was affirmed by the Court of Criminal Appeals of Oklahoma, and on September 24, 1982, rehearing was denied by that court (Okl.Cr., 650 P.2d 863).

In his Response and Application for Indefinite Suspension filed with this Court on January 26, 1983, he denied any culpability or guilt in connection with the charges, but admits that the conviction and sentence are final and that the crime of which he was convicted is one of moral turpitude.[1]

Respondent expresses renewed hope that his conviction and sentence will be overturned in contemplated collateral proceedings which he intends to file in the federal courts. The primary basis for Respondent's application for an indefinite suspension of his license to practice law is a proposed plan wherein Respondent would engage in volunteer community service as a research assistant to the District Attorney's office in Muskogee County, devoting an average of ten hours per week to such service. Respondent seeks to delay final imposition of discipline pending the performance of his volunteer service.

DR 1–102 provides, in part:

"(A) A lawyer shall not:

\* \* \* \* \* \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

In *State ex rel. Oklahoma Bar Association v. Hall,* Okl., 567 P.2d 975, 978 (1977), we said:

"In *State ex rel. Okl. Bar Ass'n v. Scanland,* Okl., 475 P.2d 373, we characterized a District Attorney, or assistant, as a minister of justice second only to judges. The constitutional office of Chief Executive is not less an important part of our Executive Branch. As we said in Scanland, quoting from *In Re: Stolen,* 193 Wis. 602, 214 N.W. 379, 216 N.W. 127, 55 A.L.R. 1355,

'First, the offense of respondent betrays a lack of moral stamina, and therefore a lack of moral character, which renders the respondent an unfit person to hold the office of attorney at law; and, second, the offense is of so grave a character as to call for serious treatment, not only as a matter of discipline to the respondent, but for its restraining influence upon others.' "

Respondent, while holding the high office of judge and under the deceit of administering justice to others under the law, callously violated all of the provisions of DR 1–102(A)(3), (4), (5), and (6). In *State ex rel. Oklahoma Bar Association v. Raskin,* Okl., 642 P.2d 262 (1982), we said:

"Lawyers stand licensed by the Supreme Court for the practice of their profession. The maintenance of strict integrity among the members of our bar is one of this court's constitutional responsibilities. Every licensed lawyer is presented to the public as a person worthy of confidence in the performance of all professional activities. If he should become unfit, it is our duty promptly to withdraw the endorsement for the immediate protection of the public."

Respondent's request for postponement of final discipline is denied.

Respondent's betrayal of the office of judge, his betrayal of the profession of which he was a member, his betrayal of the law he was sworn to uphold, and his betrayal of the public demand no less than the extreme penalty of disbarment.

1. With reference to disciplinary proceedings after July 1, 1981, Rule 4(b) in effect at the time disciplinary proceedings were instituted against respondent and subjecting a lawyer convicted of a crime "involving moral turpitude" to discipline, Rule 4(b) has been amended to substitute "a crime which demonstrates such lawyer's unfitness to practice law," for a crime "involving moral turpitude" (Rule 7.1).

We therefore order that Rolla Jay Cook be disbarred and his name stricken from the roll of attorneys. The cost of the proceedings shall be borne by Cook. They are to be paid immediately after this opinion becomes final.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, HODGES, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., certified his disqualification.