Submitted on record and brief October 9, accused disbarred November 20, 1986

In re Complaint as to the Conduct of

# WESLEY SCOTT BRIDGES,
*Accused.*

(OSB 84-42, 84-66, 84-108, 84-123 and 84-124)
(SC S33119)

728 P2d 863

Mark M. Williams, Portland, filed the brief for the Oregon State Bar.

No appearance contra.

PER CURIAM

## PER CURIAM

The Oregon State Bar charges one of its members with multiple violations of several disciplinary rules.[1] The accused did not respond to the Bar's complaint and notice to answer and failed to appear either personally or by counsel before a trial panel of the Disciplinary Board. After the Bar presented its evidence, the panel found the accused guilty of all but three of the violations charged and concluded that the accused should be disbarred. Having reviewed the record for ourselves, we reach the same findings and conclusion.

The Bar's complaint charged 26 violations in seven causes of complaint involving a number of clients during the period from early 1982 to the Spring of 1984. The Bar charges that the accused on several occasions took a retainer fee pursuant to an oral agreement to represent the client, performed little or no work on the matter for which he was retained, and ultimately withdrew from further representation of the client without any prior notice to the client. In addition, the Bar charges that he failed after repeated requests to render any accounting to his clients of the funds received from them and did not return funds owing to them.

There is some divergence between these charges and the evidence presented at the panel hearing. The Bar's first cause of complaint charges misconduct in the representation of Robert and Caroline Elliott in a civil case, but the Bar did not produce the Elliotts at the hearing and refers only to the report of the Local Professional Responsibility Committee (LPRC) to the State Professional Responsibility Board recommending prosecution. On the other hand, the Bar introduced testimony by another client, Jeffrey David Miller, but it had not filed any complaint charging the accused with violations concerning Miller. Of the remaining charges, two involved the representation of Pauline Barker in civil litigation; three involved the defense of Patrick Bolan, Terry L. Armstrong, and Daryl Jackson against criminal charges.

In each case the accused is charged with violating his

---

[1] The accused was charged with violating *former* DR 1-102(A)(6), DR 1-102(A)(3) (*former* DR 1-102(A)(4)), DR 1-102(A)(4) (*former* DR 1-102(A)(5)), DR 1-103(C), DR 6-101(B) (*former* DR 6-101(A)(3)), DR 7-101(A)(1), DR 7-101(A)(2), DR 7-102(A)(5), DR 9-101(B)(3) (*former* DR 9-102(B)(3)) and DR 9-101(B)(4) (*former* DR 9-102(B)(4)).

professional duties to his clients or to the administration of justice. In addition, the Bar's seventh cause of complaint accuses him of failing to respond fully and truthfully to inquiries of the Bar's General Counsel and the LPRC concerning the foregoing complaints or to appear or offer any explanation when subpoenaed by the LPRC.

As already noted, the accused has not contested the charges or any of the factual allegations and the trial panel found him in default. Nevertheless, the Bar correctly undertook to support its allegations by "clear and convincing evidence." OSB Rules of Procedure, Rules 5.2., 5.8. The panel heard testimony by Barker (who has remarried and will herein be referred to as Lowry), Bolan, Armstrong, the Honorable Allan H. Coon of the District Court for Josephine County, and Daniel Wolke, Esq., who investigated the charges for the Jackson-Josephine County Professional Responsibility Committee.

■ LPRC reports recommending prosecution of disciplinary charges, though they were made exhibits in this case, are not evidence, and the trial panel did not explain on what it based its findings on the complaint concerning the Elliotts. In the absence of other evidence supporting the Bar's first cause of complaint, it is dismissed.

On the second cause of complaint, the accused took a $750 retainer to defend Patrick Bolan on a felony charge. The accused spent about 20-25 minutes at an initial conference and 15 minutes prior to and at arraignment with Bolan. The accused's fee was to be $65 an hour. The case was set for trial in May 1984, but Bolan could get no information from the accused until he received a letter in mid-April that the accused had closed his practice. Bolan had to obtain and pay for representation by another lawyer. He was unable to obtain a refund of any part of the $750 fee from the accused.

The panel found neglect in violation of DR 6-101(B) (*former* DR 6-101(A)(3)), intentional failure to carry out a contract of employment, DR 7-101(A)(2), failure to render account of funds to a client, DR 9-101(B)(3) (*former* DR 9-102(B)(3)), and failure to pay on request funds to which the client is entitled, DR 9-101(B)(4) (*former* DR 9-102(B)(4)). We agree with these findings.

The accused undertook to represent Pauline Lowry in two matters, which are the bases of the Bar's third and fourth causes of complaint. The first matter was the defense of an automobile collision claim in small claims court. The accused spent ten minutes with Lowry and took a retainer of $150. Lowry later took all her papers, repair estimates and pictures relating to the accident to his office. The accused did not show up for the court hearing. In fact, the court had informed the accused that he could not represent Lowry in small claims court, but she only learned this from the trial judge. Her subsequent calls to the accused's office were not returned, and he returned no part of the fee. The panel found violations of DR 6-101(B) (*former* DR 6-101(A)(3)), DR 7-101(A)(2), DR 9-101(B)(3) (*former* DR 9-102(B)(3)), and DR 9-101(B)(4) (*former* DR 9-102(B)(4)). We agree.

On the Bar's fourth cause of complaint, the panel found that Lowry retained the accused to obtain a dissolution of marriage. She paid the accused $210. He spent about 20 minutes at their first meeting in his office and a half hour at a show cause hearing. Again, Lowry tried to contact the accused and was unable to obtain any response or action from him. Lowry's case file apparently was transferred for a time to another attorney but then returned to the accused. It took two years before Lowry and her former husband obtained the divorce; ultimately they prepared their own property settlement agreement, which was adopted by the court.

The panel found violations of the same four disciplinary rules as in the preceding causes. We find the evidence clear and convincing with respect to the first three but not with respect to DR 9-101(B)(4).

The Bar's fifth cause of complaint is that the accused took a fee of $500 and $200 for court costs to defend Terry L. Armstrong on a felony charge, that he spent a total of two hours in an initial interview and two court appearances, and that he interviewed no witnesses and made no other investigations. The accused eventually wrote Armstrong that he would not represent him anymore. In response to his requests, Armstrong received neither an accounting nor a return of the trust funds he paid for court costs. Again, we agree with the panel that the accused violated the same four disciplinary rules.

The Bar's sixth cause of complaint charges violations of seven different disciplinary rules. The accused failed to appear at trial on behalf of his client Daryl Jackson in Curry County District Court. He also failed to appear on behalf of another client in Josephine County on the same day. The accused falsely gave his presence at the trial in Curry County as an explanation to the Josephine County District Court for missing the trial in that court. The trial panel found that the Bar had proved conduct prejudicial to the administration of justice, DR 1-102(A)(4) (*former* DR 1-102(A)(5)), conduct reflecting adversely on the accused's fitness to practice law, *former* DR 1-102(A)(6) (*now* DR 1-102(A)(2), which is limited to "criminal acts" reflecting adversely on the practice of law), neglect of a legal matter entrusted to him, DR 6-101(B) (*former* DR 6-101(A)(3)), and intentional failure to carry out a contract of professional employment, DR 7-101(A)(2). The panel found that the Bar had not proved intentional failure to seek the client's lawful objectives, DR 7-101(A)(1), dishonesty, fraud, deceit, or misrepresentation, DR 1-102(A)(3) (*former* DR 1-102(A)(4)), or knowingly making a false statement of law or fact in representing a client, DR 7-102(A)(5). We agree with the panel.

Finally, the Bar's seventh cause of complaint charges failure to respond to its inquiries and to comply with reasonable requests of the General Counsel and the local and state professional responsibility agencies. Besides efforts to reach the accused by letters addressed to him and through his parents, the record shows a return of service of a subpoena on him personally. Like the trial panel, we find that the accused had notice of the investigation of complaints against him and did not respond or comply as required by DR 1-103(C).

■ We turn to the question of the appropriate sanction. The evidence against the accused establishes a pattern of indifference and irresponsibility toward clients whom the accused had agreed to represent and from several of whom he had demanded advances of fees. Another instance of conduct fitting this pattern led to a 60-day suspension of the accused from the practice of law. *In re Bridges,* 298 Or 53, 688 P2d 1335 (1984). No one of the present complaints against the accused would alone require his disbarment. The question in disciplinary proceedings, however, is not how heavy a penalty a

lawyer's professional misconduct deserves (except to demonstrate the gravity of a violation for purposes of deterrence) but what is needed to protect the public against further unprofessional conduct of a member of the bar.[2]

■   The record of the accused's conduct shows that he cannot be entrusted with the liberty, property, or other legal interests of people who rely on what his license to practice law represents. We agree with the trial panel that he should be disqualified from the further practice of law.

Accused disbarred. The Oregon State Bar is awarded costs. ORS 9.536(4).

---

[2] *See In re Bristow*, 301 Or 194, 206-07, 721 P2d 437 (1986), which makes reference to the American Bar Association's standards for imposing lawyer sanctions.