**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Dale STAUFFER, Jr., Attorney–Respondent.**

**No. 87SA89.**

Supreme Court of Colorado, En Banc.

Nov. 9, 1987.

---

Linda Donnelly, Disciplinary Pros., George S. Meyer, Deputy Disciplinary Pros., Denver, for complainant.

John Dale Stauffer, Jr., Fort Collins, pro se.

ERICKSON, Justice.

John Dale Stauffer, you are before the Colorado Supreme Court to receive a public censure for your professional misconduct. You were admitted to the bar of the Supreme Court of Colorado on October 17, 1980, and are subject to the disciplinary jurisdiction of this court in all matters relating to the practice of the law. C.R.C.P. 241.1(b). You were served with a disciplinary complaint and citation, and you then sought and obtained an extension of time to answer the complaint. You failed to file an answer to the complaint which was a violation of Rule 241.6(7). Thereafter, a motion for a default was filed that was granted on October 24, 1986. A default hearing was held on December 9, 1986, but you failed to attend. The allegations in the complaint are admitted by your default. C.R.C.P. 241.13(b).

Dr. James Swinehart, a medical doctor, examined a personal injury client of yours on two occasions. His charges for the examination were paid by you. You then scheduled a deposition for Dr. Swinehart on June 4, 1985, at the doctor's office. Dr. Swinehart requested an advance fee of $500. You agreed to pay the fee to the doctor. On the day set for the deposition you appeared and stated that you had forgotten your checkbook. You gave Dr. Swinehart a promissory note for $500 and have not paid that note. Dr. Swinehart first complained to the Interprofessional Committee of the Colorado Bar Association and that committee referred his complaint to the Colorado Supreme Court Grievance Committee. After repeated telephone calls and a number of other unsuccessful attempts to contact you, the request for investigation was sent to you by certified mail. After the post office made three attempts to serve you, the undelivered letters were returned to the grievance committee. The hearing board received a report in evidence made by Jewell K.G. Biddle, investigative counsel, which described a pattern of obfuscation and delay beginning in May 1986 and extending to December 11, 1986.

You broke a number of appointments with investigative counsel and on December 9, 1986, called the disciplinary prosecutor's office at 12:45 p.m. and advised that office that you would be leaving the area of Parker Road and Iliff and would be at the default hearing shortly after 1:00 p.m., the time previously scheduled for the hearing. The members of the hearing board convened later because of inclement weather and finally at 2:15 p.m. commenced the hearing that concluded at 4:30 p.m. You neither appeared nor made further calls to the office.

I.

Your conduct in executing and failing to pay a promissory note to Dr. Swinehart after you had agreed to pay him a fee of $500 for expert testimony he supplied at your request in a personal injury action, violates DR 1–102(A)(6) (conduct that adversely reflects on your fitness to practice law).

## II.

Your misconduct in failing to cooperate with the grievance committee and to file an answer to the complaint made by Dr. Swinehart was established by clear and convincing evidence which is described in the findings of facts and recommendations of the grievance committee and violates C.R.C.P. 241.6(7). Your rank discourtesy and misstatements to the grievance committee cannot be tolerated and reflect adversely on your fitness to practice law. DR 1–102(A)(6). You not only failed to appear at the investigative stage of this grievance proceeding, but also failed to appear at the hearing when a default was entered after you misled the committee into believing that you were on your way to the hearing.

Section 6.23 of the ABA Standards for Imposing Lawyers Sanctions (1986) provides that a reprimand is proper where the circumstances establish that a lawyer has negligently failed to comply with a court order and rule, and has caused injury or potential injury to a client or party, or has interfered with a legal proceeding. Your dilatory and misleading statements to investigative counsel interfered with the investigatory process of the grievance committee. Your refusal to honor meetings that you had scheduled and to respond to the allegations contained in the request for investigation requires that a sanction be imposed upon you. Your misconduct in your dealings with Dr. Swinehart cannot be condoned; your failure to recognize your obligation as a lawyer to respond to an investigation by a committee of this court will not be tolerated. Section 9.22(a) of the ABA Standards for Imposing Lawyer Sanctions states that prior disciplinary offenses may be considered as aggravating factors in determining the discipline to be imposed. You were previously disciplined by letter of admonition in August 1983 for suing a former client for fees in the amount of $4,000 when only $1,375 was colorably at issue. Nothing appears before the grievance committee by way of mitigating factors and for that reason the court has elected to impose a public censure upon you.

Accordingly, you are publicly censured for the misconduct set forth in this opinion. This public censure may be considered by this court in the event that you should commit further violations of the Code of Professional Responsibility. You are ordered to pay the cost of this proceeding in the amount of $92.29 to the Supreme Court Grievance Committee, 600 17th Street, Suite 510S, Denver, Colorado 80202–5435 within thirty days from the announcement of this opinion.