**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Terrell GOENS, Attorney–Respondent.**

**No. 90SA318.**

Supreme Court of Colorado, En Banc.

Nov. 13, 1990.

---

mittee approved the findings of fact and recommendations of the hearing board, which we also approve.

We order that the respondent, David T. Goens, be disbarred and that restitution be made by the respondent in accordance with the directions contained in this opinion. We also order payment of the cost of these proceedings.

I

The respondent was admitted to the bar of this court on October 9, 1979, and is therefore subject to the jurisdiction of this court. C.R.C.P. 241.1(b). It is undisputed that the respondent has failed to cooperate with the Grievance Committee and has failed to respond to the complaint or appear at the grievance hearing. The hearing board therefore entered an order of default and deemed the allegations in the complaint admitted. C.R.C.P. 241.13(b); *People v. Richards*, 748 P.2d 341 (Colo.1987); *People v. Jackson*, 747 P.2d 654 (Colo. 1987).

### Count I

Edward J. Calloway, Jr. was the personal representative for the estate of his father, Edward J. Calloway, Sr., and retained respondent to handle the estate. In April 1988, Calloway opened a checking account at the United Bank of Denver for the "Estate of Edward J. Calloway, Sr." Calloway was the sole signator on the bank account. Between June 15, 1988, and April 10, 1989, respondent forged Calloway's signature on nineteen checks totalling $9,350 and converted the funds to his personal use.

Forging Calloway's signature and converting Calloway estate funds to the respondent's own personal use violates C.R. C.P. 241.6, and the Code of Professional Responsibility DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(3) (illegal conduct involving moral turpitude), and DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Respondent not appearing.

PER CURIAM.

In this disciplinary proceeding, the hearing board of the Supreme Court Grievance Committee made findings of fact and recommended that the respondent, David T. Goens, be disbarred, make restitution, and pay the costs incurred in these proceedings. The hearing panel of the Grievance Com-

## Count II

In May 1988, respondent was retained by David Scott. Scott was the personal representative of the estate of Dorzella Geneva Estes, who was his mother. On May 27, 1988, Scott executed a power of attorney (real estate) and a special power of attorney to respondent at the respondent's request. Under his power of attorney, respondent opened a bank account at the United Bank of Denver for the Estes estate.

Between August 1988 and December 1988, respondent converted and put to his own personal use funds from the Estes estate bank account approximating $11,300. In December 1988, respondent borrowed money from his mother and deposited approximately $8,000 into the Estes estate bank account. The account was then closed and a second account was opened that limited the signatory power to Scott. Between January 1989 and March 1989, respondent forged Scott's signature on nine checks drawn on the new account.

Forging Scott's signature and converting funds from the Estes estate to the respondent's own use violates C.R.C.P. 241.6, DR 1-102(A)(1) (violation of a Disciplinary Rule), DR 1-102(A)(3) (illegal conduct involving moral turpitude), and DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

## Count III

Debbie L. Chenoweth is a court reporter at the Division of Labor, Workmen's Compensation Section. By letter dated February 29, 1988, respondent requested a transcript and indicated his client would pay the costs. Chenoweth prepared and filed the transcript, and delivered a copy to the respondent along with a bill for $136.

Despite many phone messages and a letter inquiring about payment of the bill, the respondent has failed to pay the $136 owing to Chenoweth.

The failure to pay Chenoweth violates C.R.C.P. 241.6(1), DR 1-102(A)(5) (conduct prejudicial to the administration of justice), and DR 1-102(A)(1) (violation of a discipli-

nary rule); *see People v. Stauffer*, 745 P.2d 240 (Colo.1987).

## Count IV

During May, June, and July 1988, disciplinary counsel mailed notices to the respondent by certified mail of the requests for investigation setting forth the complaints made regarding the Calloway and Estes estates and the Chenoweth complaint. The certified letters were returned by the United States Post Office marked "unclaimed." The notices were then sent to the respondent by regular mail and were not returned. Letters were also sent to the respondent by regular mail requesting a response to the requests for investigation and advising him that failure to cooperate with the Grievance Committee is a separate ground for discipline. No response was filed, and the respondent failed to appear for the hearing on the disciplinary complaint.

Failure to respond to the requests of the Office of Disciplinary Counsel violates C.R. C.P. 241.6(7) (failure of lawyer to respond to a request by the Committee without good cause is a ground for discipline).

## Disciplinary Sanction

In 1989, respondent was suspended from the practice of law for six months. *People v. Goens*, 770 P.2d 1218 (Colo.1989). Forgery and conversion of a client's funds by a lawyer requires the most severe sanction. The American Bar Association Standards for Imposing Lawyer Sanctions, ABA Standard 4.11 states, "Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." Disbarment is also generally appropriate when a lawyer engages in serious criminal conduct such as misappropriation or theft. ABA Standard 5.11. The conduct of the respondent is aggravated by his prior disciplinary record, his dishonest and selfish motives, a pattern of misconduct, multiple offenses, and his failure to respond to these proceedings. ABA Standards 9.22(a), (b), (c), and (d).

The respondent was prosecuted for his criminal acts and entered a plea of guilty to a felony, and was ordered to make restitu-

tion to the Calloway and Estes estates by the district court. (Denver District Court Case No. 89CR2124.) Evidence was before the district court indicating that the respondent was involved with or addicted to cocaine, and that impairment or disability was a factor considered in the imposition of criminal sanctions.

Accordingly, we order that David Terrell Goens be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court. David Goens was ordered to make restitution to the Calloway estate in the amount of $3,025, and to the Estes estate in the amount of $13,676.14, in criminal proceedings against the respondent. (Denver District Court Case No. 89CR2124.) We order payment or restitution to Debbie Chenoweth in the amount of $136 plus statutory interest from September 14, 1989, within six months of the date of this opinion. The respondent is also ordered to pay costs in the amount of $368, within six months to the Colorado Supreme Court Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202–5435.

Until restitution is made, in accordance with the order of the Denver District Court in 89CR2124, and in compliance with the directions in this opinion, together with payment to Debbie Chenoweth, the respondent may not make an application for readmission to the Colorado bar.