STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Mark Alan BOURNE, Respondent.

No. SCBD 3938.

Supreme Court of Oklahoma.

June 28, 1994.

Dan Murdock, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Mark Alan Bourne, pro se.

ALMA WILSON, Justice:

The Bar Association (Bar) filed a complaint against Mark Alan Bourne (the respondent) alleging that he had engaged in unprofessional conduct. The three members of the Professional Responsibility Tribunal accepted and approved the stipulated findings of fact and the conclusion of law subsequent to the hearing before the tribunal. The conclusion of law to which the panel agreed was that the respondent's conduct violated Rule 8.4(d) of the Rules of Professional Conduct, 5 O.S.1991, ch. 1, app. 3–A.[1] The parties agreed to a private reprimand, and the tribunal approved the recommendation for discipline. We reject the recommendation and dismiss the complaint.

▆ All of the actions taken by the respondent, of which the Bar complains, were in the course of respondent's employment by a collection agency, American Collection Services, Inc. (A.C.S.). The trial testimony from the respondent reveals that he had agreed to handle about 350 cases in which he attempted to collect money for A.C.S. and its clients. The respondent testified he signed the petitions after previewing them and discussing with A.C.S. the identity of the debtor, the amount owed and the source of the debt. A.C.S. retained the files, filed the cases, and arranged for the service of process. A.C.S. reported back to the respondent when the time for the debtor's answer had expired. When the causes came for hearing, the respondent appeared and took judgment against the debtors.

The respondent eventually discovered that during the course of some of the collection efforts, judgment had been taken for amounts greater than was actually owed. He did not always verify service of process, and subsequently learned that one of the owners of A.C.S. had been serving the summons and petitions.

Additionally, there were petitions filed against persons and judgments taken against them when they were not actually liable for the debt claimed. On one occasion, A.C.S. took a default judgment against a party one day before the statutory time to answer had expired. On other occasions A.C.S. took judgments at an incorrect statutory interest rate, but the respondent corrected these and the correct amount was collected. The respondent withdrew as attorney for A.C.S. when it refused his request for more control of the cases.

The complaining party in this bar matter was another A.C.S. attorney who expressed dissatisfaction with the respondent. According to the Bar, no individual ultimately suffered damage because of the respondent's actions. The problems were eventually rectified, although one federal lawsuit ensued to remove negative credit ratings and correct amounts of judgments. The Bar told the trial panel that no debtor paid more money than actually owed. The Bar reported that the respondent had been very cooperative throughout the investigation. The respondent was admitted to practice in 1983 and has not been previously disciplined by this Court.

The issue before us is whether under the stipulated facts, the respondent has committed professional misconduct by engaging in conduct that is prejudicial to the administration of justice.[2] Although this rule has been criticized for uncertainty or vagueness, the rule has been upheld as sufficiently definite for the purpose of a disciplinary proceeding. *In re Haws*, 310 Or. 741, 745–46, 801 P.2d 818, 822 (1990). In *Attorney Grievance Comm'n of Maryland v. Ficker*, 319 Md. 305, 572 A.2d 501 (1990), the Maryland court addressed Ficker's argument that his inadvertent failure to be present at a criminal trial was not conduct prejudicial to the administration of justice. Ficker argued that the

---

1. Rule 8.4(d) provides: "It is professional misconduct for a lawyer to: ... (d) engage in conduct that is prejudicial to the administration of justice...."

2. Rule 8.4(d). The Oklahoma Rules of Professional Conduct were adopted March 10, 1988,

effective July 1, 1988. Prior to that time the Code of Professional Responsibility governed an Oklahoma lawyer's professional conduct. DR 1–102(A)(5) provided: "(A) A lawyer shall not: ... (5) Engage in conduct that is prejudicial to the administration of justice."

rule had to be narrowly defined or limited to particularly egregious conduct, or conduct flagrantly violative of accepted professional norms. The Maryland court answered that it had previously found the rule was neither facially overbroad nor void for vagueness. The Court continued that the regulation applied only to lawyers, who are professionals having the benefit of guidance provided by case law, court rules and the "lore of the profession." *Ficker*, 319 Md. at 314, 572 A.2d at 505. The court cited Maryland case law holding tardiness for a scheduled court appearance interfered with the administration of justice. The court extended its reasoning to hold a lawyer who is absent from a scheduled trial altogether must also be found to have interfered with the administration of justice. *Ficker*, 319 Md. at 315, 572 A.2d at 506.

The Supreme Court of Oregon analyzed the phrase, "conduct prejudicial to the administration of justice." The court found that "conduct" included both prohibited action taken, and failure to act when required. This conduct must be within the context of judicial proceedings and matters directly related thereto. *In re Haws*, 310 Or. at 746, 801 P.2d at 822. The court held that for the conduct to be prejudicial, it must either be repeated conduct causing some harm to the administration of justice, or a single act causing substantial harm to the administration of justice. *In re Haws*, 310 Or. at 748, 801 P.2d at 823. The court cited numerous cases as examples for the prohibited conduct. Like Maryland, the Oregon court's construction of the rule reveals that the Oregon lawyers have the benefit of guidance concerning prohibited acts from case law and court rules.

In the introduction to the Rules for Professional Conduct, 12 O.S.1991, ch. 1, app. 3–A, under the heading "Scope" this Court adopted the following language concerning those rules: "The Rules presuppose a larger legal context shaping the lawyer's role. That context includes court rules and statutes relating to matters of licensure, laws defining specific obligations of lawyers and substantive and procedural law in general." Under the "Comment" heading following Rule 8.4, offenses encompassed within the rule include "serious interference with the administration of justice." Clearly, from these descriptions, Oklahoma lawyers can deduce that Rule 8.4(d) is intended to proscribe behavior already disapproved by case law, statute, or court rules. The interference contemplated must be serious.

Besides the comments in the Rules for Professional Conduct, our case law illustrates that lawyers who have been disciplined for conduct prejudicial to the administration of justice were disciplined for acts previously disapproved by case law, statute, court rules or the "lore of the profession."[3] This Court

3. In the following cases, the conduct of the respective respondents has been found to be prejudicial to the administration of justice: *State ex rel. Oklahoma Bar Ass'n v. Sopher*, 852 P.2d 707 (Okla.1993) (Attorney received a public reprimand for making unwelcomed sexual advances to his client and his client's mother. Both parties agreed that the attorney's behavior violated Rule 8.4[d].); *State ex rel. Oklahoma Bar Ass'n v. Downing*, 863 P.2d 1111 (Okla.1993) (Attorney was disbarred for various acts. The Court held that Rule 8.4 was violated by his failure to file a motion to withdraw from cases after suspension for prior misconduct.); *State ex rel. Oklahoma Bar Ass'n v. Lacoste*, 813 P.2d 501 (Okla.1991) (Attorney was given a one year suspension for presenting a check on behalf of his client to a third party in exchange for documents when the attorney knew he had already put a stop payment on the check at the bank. This misconduct, together with other misconduct, was found to be dishonest and in violation of Rule 8.4(d), among other rules cited.); *State ex rel. Oklahoma Bar Ass'n v. Colston*, 777 P.2d 920 (Okla.1989) (Attor-

ney disbarred after having been found to have committed five counts involving neglect and misrepresentation of the status of clients' cases, along with forgery of adversary parties' appearances and fraud in obtaining public officials' signatures. The Court found that DR 1–102(A)(5) was one of the rules violated.); *State ex rel. Oklahoma Bar Ass'n v. Moss*, 682 P.2d 205 (Okla.1983) (Attorney disbarred after he paid a client to make a false affidavit to the Bar Association. The attorney further denied the payment when questioned by an investigative officer of the bar. Along with the other rules prohibiting dishonesty, DR 1–102(A)(5) was cited.) *State ex rel. Oklahoma Bar Ass'n v. Hensley*, 661 P.2d 527 (Okla.1983) (In a probate proceeding, an attorney told the court she did not know the whereabouts of decedent's son even though she did and was required by law to tell the court. The attorney also counseled her client (decedent's mother) to lie to the court about the decedent's son's address. The attorney was disbarred.); *State ex rel. Oklahoma Bar Ass'n v. Cook*, 661 P.2d 531 (Okla.1983) (Judge disbarred after for dishonest

has not construed the rule as narrowly as has the Oregon court. We have also found conduct that prejudices our system of justice as a whole to be encompassed by Rule 8.4(d).[4]

The Bar did not cite case law, statute, or court rule to show why the conduct of the respondent in the cause before us should be found to be prejudicial to the administration of justice.[5] The Bar waived filing a brief-in-chief, opting instead to urge this Court to accept the Stipulated Findings of Fact and Conclusions of Law With Agreed Recommendation of Discipline. The violations alleged in the Complaint concerned improper judgments, faulty petitions, and improper service of process. Repeated improper conduct, if proven as alleged, could be a serious interference with the administration of justice. But the testimony taken during the hearing does not reveal the lax attitude by the respondent that may be inferred from the Complaint. The record reveals a refusal of the respondent's client to cooperate with its lawyer in the collection of debts for which the respondent was hired. The record further reveals that the respondent tried to correct the problems as he discovered them, with little cooperation from A.C.S., and so he withdrew as its attorney. Because the record does not reveal that the respondent was neglectful in his preparation of cases, nor in the service of process of the court documents, the only question would be whether the respondent failed to make reasonable inquiry before signing pleadings, pursuant to 12 O.S.1991, § 2011, and if such failure could give rise to discipline under Rule 8.4(d).

There is no question but that the potential for serious interference with the administration of justice exists where a lawyer abuses the process by habitually filing frivolous pleadings, but the Bar has not shown this to be the case with respect to the respondent. In construing Rule 11 of the Federal Rules of Civil Procedure, a rule that is nearly identical to 12 O.S.1991, § 2011,[6] the Third Circuit Court of Appeals observed that the district court must consider the reasonableness under the circumstances when determining if a lawyer has made a reasonable inquiry before signing a pleading. *CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3rd Cir.1991). The court observed that because the standard is a fact specific one, the district court must consider all the circumstances. A reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading; or whether he depended on forwarding counsel or another member of the bar. *CTC Imports*, 951 F.2d at 578.

The record before this Court reveals that the respondent had to rely upon his client for

conduct including violation of DR 1–102(A)(5). He accepted a plea of guilty and imposed a $500 fine. The judge took control of the $500 and did not turn it over to the court clerk until twenty months after the sentencing date.); *State ex rel. Oklahoma Bar Ass'n v. Raskin*, 642 P.2d 262 (Okla.1982) (Attorney disbarred after he deceived his clients, misappropriated and commingled clients' funds and used the funds for his personal use. DR 1–102(A)(5) was one of the rules cited as having been violated.); *State ex rel. Oklahoma Bar Ass'n v. Warzyn*, 624 P.2d 1068 (Okla.1981) (Attorney disbarred after he accepted a fee for representation and failed to appear or perform any services for client. While suspended for failure to pay bar dues, the attorney solicited two clients during a visit to a prison and then failed to provide any service for which the clients had paid. The attorney also fraudulently obtained one of the inmate's work checks. DR 1–102(A)(5) was one of the rules cited as being violated.).

4. *See Sopher*, footnote 3.

5. Sister states have found the following conduct violates the rule: *People v. Goens*, 803 P.2d 480, 482 (Colo.1990) (failing to pay court reporter for amount owing on a requested transcript); *In the Matter of Roche*, 540 N.E.2d 36 (Ind.1989) (possessing marijuana by a prosecuting attorney); *Matter of Seidman*, 194 A.D.2d 269, 606 N.Y.S.2d 477 (1993) (signing client's name on affidavits); *In re Bridges*, 302 Or. 250, 728 P.2d 863 (1986) (failing to appear at trial); *In re Dixson*, 305 Or. 83, 750 P.2d 157 (1988) (failing to appear at depositions); *In re Rochat*, 295 Or. 533, 668 P.2d 376 (1983) (harassing court personnel); *In re Paauwe*, 294 Or. 171, 654 P.2d 1117 (1982) (filing an appeal without the consent of the clients); *In re Dibble*, 257 Or. 120, 478 P.2d 384 (1970) (appearing repeatedly in court while intoxicated); and *In re Jones*, 308 Or. 306, 779 P.2d 1016 (1989) (permitting a non-lawyer to use a lawyer's name on pleadings).

6. *See, Unit Petroleum Co. v. Nuex Corp.*, 807 P.2d 251, 252 (Okla.1991).

the information found in the petitions. The client purposefully controlled and limited the respondent's access to information. The time came when A.C.S. did not want the respondent to keep the files. Under such circumstances, the Bar has not shown that the actions of the respondent violated Rule 8.4(d). Accordingly, the complaint is DISMISSED. The Bar's Motion to Assess Costs is DENIED.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., dissents.

SIMMS, Justice, dissenting:

I would accept the recommendation of the Professional Responsibility Tribunal and administer a private reprimand.