STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SWEET



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SWEET

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SWEET
2021 OK 57
Case Number: SCBD-7081
Decided: 11/15/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 57, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
AMBER ANN SWEET, Respondent.

ORDER IMPOSING FINAL DISCIPLINE

¶1 This summary disciplinary proceeding initiated pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings (RGDP)[1] is on to consider the Oklahoma Bar Association's (OBA) request to enter a final order of discipline. Upon examination of the filings in this matter and after due notice to Respondent Amber Ann Sweet (Sweet), the Court finds and orders that:

¶2 In 2013, Sweet received her license to practice law in Oklahoma. This Court suspended Sweet's law license on June 10, 2019, for failure to comply with Mandatory Continuing Legal Education (MCLE) in 2018. This Court struck Sweet's name from the OBA's membership rolls on September 14, 2020, for her continued failure to comply with MCLE.

¶3 At some point before July 12, 2019, a husband and wife hired Sweet to prepare trust documents. She went to her clients' house on several occasions to create an inventory of various pieces of jewelry to include in the trust documents. From July 12 through July 30, 2019, Sweet pawned at least six pieces of jewelry owned by her clients for $2,910.00. Sweet falsely declared to the pawnbroker that she owned the pieces of jewelry. The clients then positively identified the pawned items as pieces of jewelry Sweet had handled in the preparation of the trust. Sweet was arrested and charged with Grand Larceny and False Declaration of Ownership in Pawn Shop.

¶4 On June 8, 2021, Sweet entered pleas of guilty to one count of Grand Larceny, a felony, in violation of 21 O.S. Supp. 2018, § 1705, and one count of False Declaration of Ownership in Pawn Shop, a felony, in violation of 59 O.S. Supp. 2018, § 1512(C)(2). The district court entered a deferred sentence of three years, until June 3, 2024.

¶5 On June 25, 2021, the OBA filed Rule 7 disciplinary proceedings against Sweet based on her pleas of guilty to the criminal charges. The Proof of Service showed that the OBA mailed the Notice of Plea of Guilty and Sentence certified mail, return receipt requested to Sweet at her official roster address and last known mailing address. A representative at Sweet's official roster address received the certified mailing on July 7, 2021, and Sweet received the certified mailing at her last known mailing address on June 28, 2021.

¶6 On September 13, 2021, this Court issued an Order of Immediate Interim Suspension and directed Sweet, no later than September 28, 2021, to show cause as to why the Court should set aside the interim suspension. To date, Sweet has never entered an appearance, responded to the notice, or answered this Court's order to show cause.

¶7 On October 8, 2021, the OBA filed a response to this Court's show cause order stating that Sweet had provided no legal basis as to why the Court should set aside the interim suspension or delay entering a final order of discipline. The OBA further stated that this Court suspended Sweet's license to practice law for failure to comply with MCLE and then struck Sweet's name from the OBA's membership rolls. The OBA contends that these actions and her criminal conduct reflect adversely on Sweet's honesty, trustworthiness, or fitness as a lawyer. The OBA recommends that this Court disbar Sweet.

¶8 Sweet failed to respond to this proceeding or give any reason as to why this Court should not impose final discipline. The integrity of the judicial system demands that attorneys respect its authority. State ex rel. Okla. Bar Ass'n v. Giger, 2003 OK 61, ¶ 34, 72 P.3d 27, 38. Oklahoma law requires that a person who holds a bar license to promptly and adequately respond to allegations of misconduct when lawfully requested to do so. State ex rel. Okla. Bar Ass'n v. Whitebook, 2010 OK 72, ¶ 23, 242 P.3d 517, 522. Attorneys who fail to answer formal charges of misconduct show disregard for this Court's authority and reveal "how little they value their license to practice law." State ex rel. Okla. Bar Ass'n v. Haave, 2012 OK 92, ¶ 15, 290 P.3d 747, 752. And those who fail to discharge these minimal burdens to protect their own interests cannot be expected or trusted to act to protect the interests of their clients, the public, and the legal profession. Id. Sweet's lack of participation in this proceeding demonstrates a disregard for this Court's authority. We therefore will not delay in imposing final discipline.

¶9 In disciplinary proceedings, this Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline attorneys and to regulate the practice of law as may be necessary to safeguard the interests of the public, the judiciary, and the legal profession. State ex rel. Okla. Bar Ass'n v. Shofner, 2002 OK 84, ¶¶ 4-5, 60 P.3d 1024, 1027. This Court considers de novo every aspect of a disciplinary inquiry. State ex rel. Okla. Bar Ass'n v. Livshee, 1994 OK 12, ¶ 5, 870 P.2d 770, 773.

¶10 In determining the final discipline, we first find that the record reflects Sweet received sufficient notice and an opportunity to be heard in accord with due process established for disciplinary proceedings. See Whitebook, 2010 OK 72, ¶ 21, 242 P.3d at 522. Notice by mail to an attorney's official roster address satisfies due process. State ex rel. Okla. Bar Ass'n v. Knight, 2018 OK 52, ¶ 2, 421 P.3d 299, 301.

¶11 We next find that Sweet's guilty pleas furnish clear and convincing evidence that she committed the criminal acts alleged against her. Rule 7.2 of the RGDP provides as follows:

[A certified copy of a] plea of guilty, order deferring judgment and sentence, indictment or information and judgment and sentence of conviction . . . shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules.

Rule 7.2, RGDP, 5 O.S. 2011, ch. 1, app. 1-A. Rule 7.1 of the RGDP provides that an attorney who has tendered a plea of guilty to a deferred sentence plea agreement for any crime which demonstrates such attorney's unfitness to practice law shall be subject to discipline. Rule 7.1, RGDP, 5 O.S.2011, ch. 1, app. 1-A. Not every criminal conviction facially demonstrates an attorney's unfitness to practice law. State ex rel. Okla. Bar Ass'n v. Armstrong, 1990 OK 9, ¶ 8, 791 P.2d 815, 818. However, answerable offenses typically involve violence, dishonesty, breach of trust, or serious interference with the administration of justice. Rule 8.4, Cmt. 2, Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch.1, app. 3-A.

¶12 The totality of Sweet's conduct demonstrates her unfitness to practice law. Sweet has failed to comply with the mandatory MCLE requirements since 2018. A week before she committed the crimes, this Court suspended Sweet from the practice of law for failure to comply with MCLE. Sweet therefore engaged in the unauthorized practice of law when she visited her clients' house to create an inventory for the trust documents and stole the items of jewelry. The two felony crimes committed by Sweet undoubtedly involved dishonesty, fraud, deceit, and breach of trust. In this disciplinary proceeding, Sweet never responded or otherwise offered any explanation for her conduct. She has not requested a hearing, filed a brief, or submitted any evidence to support any mitigation of final discipline.

¶13 The sum of Sweet's actions--her continuing failure to comply with the MCLE requirements even after her suspension that resulted in this Court striking her name from the membership rolls, her unauthorized practice of law, her guilty pleas to two felonies, and her failure to respond to these disciplinary proceedings against her--combine to reflect adversely on Sweet's trustworthiness and fitness as a lawyer. Because of the gravity of Sweet's misconduct and as her culpable acts are neither mitigated nor explained by extenuating circumstances in the record, there is no basis for a sanction less severe than that of disbarment. See State ex rel. Okla. Bar Ass'n v. Cantrell, 1987 OK 17, ¶ 2, 734 P.2d 1292, 1293. This Court holds that Sweet be disbarred. See, e.g., State ex rel. Okla. Bar Ass'n v. Cook, 1983 OK 33, 661 P.2d 531 (disbarring an attorney for committing the crimes of embezzlement and false account of officer).

¶14 IT IS THEREFORE ORDERED that Respondent Amber Ann Sweet is disbarred from the practice of law in Oklahoma. Sweet's failure to respond or defend has kept the costs of this proceeding at a minimum and, therefore, this Court assesses no costs to Sweet.

¶15 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE ON NOVEMBER 15, 2021.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 17, 734 P.2d 1292, State ex rel. Oklahoma Bar Ass'n v. Cantrell
Discussed
 1990 OK 9, 791 P.2d 815, State ex rel. Oklahoma Bar Ass'n v. Armstrong
Discussed
 1994 OK 12, 870 P.2d 770, State ex rel. Oklahoma Bar Assn. v. Livshee
Discussed
 2002 OK 84, 60 P.3d 1024, STATE ex. rel. OKLAHOMA BAR ASS'N v. SHOFNER
Discussed
 2003 OK 61, 72 P.3d 27, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed at Length
 2012 OK 92, 290 P.3d 747, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HAAVE
Discussed
 2018 OK 52, 421 P.3d 299, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT
Discussed
 1983 OK 33, 661 P.2d 531, State ex rel. Oklahoma Bar Ass'n v. Cook
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1705, 21 O.S. 1705, Grand Larceny - Penalty
Cited
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1512, Administration and Enforcement
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA