**STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**David L. THOMPSON, Respondent.**

**SCBD No. 3566.**

**OBDA No. 896.**

Supreme Court of Oklahoma.

Sept. 26, 1989.

ORDER SUSPENDING RESPONDENT
FROM THE PRACTICE OF LAW
UPON HIS CRIMINAL CONVICTION

On consideration of:

1) the respondent's November 21, 1988 conviction—now final—of marijuana possession in violation of 21 U.S.C. § 844(a); [1]

1. See United States of America v. David Lee Thompson, Cause No. 88–CR–116–B in the Unit- ed States District Court for the Northern District of Oklahoma.

2) this court's March 20, 1989 order that afforded the respondent an evidentiary hearing before the Professional Responsibility Tribunal [PRT or tribunal] on issues germane to mitigation or severity of professional discipline to be imposed;

3) the July 10, 1989 report by the tribunal, which recommends respondent's nine-month suspension from the practice of law, to commence from the effective date of this court's order of discipline;

4) the transcript of the June 12, 1989 proceeding before the assigned PRT trial panel;

5) briefs of the parties litigant,

THE COURT, CONDUCTING A *DE NOVO* REVIEW OF THE ENTIRE RECORD BEFORE IT,[2] FINDS AND HOLDS THAT:

(a) upon the advice of the United States Attorney for the Northern District of Oklahoma and before being formally charged of marijuana possession, the respondent resigned his elective office as a state district attorney;

(b) the respondent plead guilty to the charge; he concedes that his conviction of the drug offense adversely affects his fitness to practice law;[3]

■ (c) the respondent's *voluntary withdrawal* from the practice of law shortly before his conviction coupled with his subsequent abstention from professional activity were properly considered in mitigation of discipline to be imposed;[4]

■ (d) the appropriate discipline to be imposed on the respondent's conviction is a nine-month suspension from the practice of law, which shall commence from the effective date of this order;

(e) respondent's argument that his suspension should take effect from the date of his voluntary withdrawal as an active legal practitioner must be rejected;[5]

(f) the respondent should be and is directed forthwith to pay the costs of this proceeding in the amount of $367.38.

RESPONDENT IS ACCORDINGLY SUSPENDED FROM THE PRACTICE OF LAW FOR NINE MONTHS FROM THE EFFECTIVE DATE OF THIS ORDER AND IS DIRECTED FORTHWITH TO PAY THE COSTS.

HARGRAVE, C.J., and OPALA, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN and ALMA WILSON, JJ., concur.

SUMMERS, J., concurs in part and dissents in part.

2. *Oklahoma Bar Ass'n v. Stubblefield,* Okl., 766 P.2d 979, 982 [1988]; *State ex rel. Oklahoma Bar Ass'n v. Cantrell,* Okl., 734 P.2d 1292, 1293 [1987]; *State ex rel. Okl. Bar Ass'n v. Raskin,* Okl., 642 P.2d 262, 265–266 [1982].

3. See *State ex rel. Oklahoma Bar Ass'n v. Armstrong,* Okl., 638 P.2d 1127, 1127–1128 [1982]; *State ex rel. Oklahoma, Etc. v. Denton,* Okl., 598 P.2d 663, 664–665 [1979].

4. See Transcript of June 12, 1989 proceeding at 44–45.

5. This court has in the past *imposed discipline to take effect from a date anterior to the order of discipline:*

1) when an *interim order of suspension* was already in effect prior to final disciplinary action (see *State ex rel. Oklahoma Bar Ass'n v. Cantrell, supra* note 2 at 1293; State ex rel. Oklahoma Bar Ass'n v. Ingmire, 56 O.B.J. 2082 [SCBD No. 3225, September 17, 1985] ) and

2) when the lawyer had tendered a *resignation* from the Bar (see *State ex rel. Oklahoma Bar Ass'n v. Page,* Okl., 754 P.2d 878 [1988]; *State ex rel. Oklahoma Bar Ass'n v. Coleman,* Okl., 723 P.2d 266 [1986]; *State ex rel. Oklahoma Bar Ass'n v. Smith,* 58 O.B.J. 283 [SCBD No. 3323, January 30, 1987] ).

This respondent does not tender a resignation from the Bar, nor has he been temporarily suspended from practice pending the outcome of the instant Rule 7 proceeding. Although he did voluntarily resign his elective office as a state prosecutor and immediately thereafter abstain from practicing law, the tribunal fully considered respondent's previous *voluntary withdrawal* from active practice *in mitigation of discipline* and nonetheless found the nine-month suspension appropriate. *On de novo examination of the record, we cannot disagree with this conclusion.*