STATE of Oklahoma ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

M. Michael ARNETT, Respondent.

OBAD No. 989.
SCBD No. 3710.

Supreme Court of Oklahoma.

May 14, 1991.

Rehearing Denied in Part and Granted
in Part July 30, 1991.

## ORDER

Respondent lawyer was accused by complainant of professional misconduct sufficient to warrant disciplinary proceedings. The parties entered Proposed Stipulations of Fact and Conclusions of Law but disagreed on the appropriate discipline. The following stipulations were adopted by the Trial Panel of the Professional Responsibility Tribunal:

In the early morning hours of October 14, 1989, respondent was arrested after a twenty-minute car chase through the northwest Oklahoma City area during which speeds exceeded 80 miles per hour. Respondent received numerous traffic citations which were filed and later dismissed. Respondent was also charged with Possession of a Controlled and Dangerous Substance (cocaine) which was discovered during a search of respondent's automobile after his arrest. On November 20, 1989, respondent entered a plea of guilty to the charge of Possession of a Controlled and Dangerous Substance. Respondent prepared and signed an affidavit which states, "I was in possession of .10 gram of cocaine." Respondent received a five-year deferred sentence during which he will be on supervised probation for the first two years. He was also ordered to pay a $100.00 Victim Compensation Assessment, a $150.00 chemical analysis fee and costs, and a $20.00 per month probation fee. Respondent's conduct violated the mandatory provisions of Okla.Stat. tit. 5, ch. 1, App. 3–A, rule 8.4(b) (Supp.1988), in that respondent committed a criminal act that reflects adversely on his fitness to practice law, and constitutes grounds for professional discipline.

The parties also stipulated to the following mitigating circumstances. Respondent has not been previously disciplined for unprofessional conduct. The stipulated conduct occurred during a time respondent was suffering from a disease of substance abuse. Subsequently, respondent underwent treatment for the substance abuse. Since the treatment, respondent has been undergoing successful recovery. The stipulated acts did not involve conduct by the respondent in an attorney-client relationship nor did the acts involve the performance or non-performance of any obligation or responsibility while acting on behalf of any client. The parties also stipulated that

several witnesses would testify if called that the respondent was fit to practice law.

The trial panel also found the following. Respondent had a long history of cocaine and alcohol abuse. Before his arrest, respondent underwent treatment for his addictions. Following his arrest, respondent underwent a second in-patient treatment program. Presently, respondent is in activities related to treatment of his addictions and does not use alcohol, cocaine or any other illegal or mind-altering substance. Respondent has stated his willingness to participate in the Lawyers Helping Lawyers program. These findings are supported by the record.

The trial panel recommends the following discipline: (1) the respondent be placed on probation for two years from the date of this decision, (2) during the two year period, respondent be subjected to random drug testing, (3) respondent will participate with Lawyers Helping Lawyers for the same two year period, and respondent will request that the Department of Corrections notify the complainant of any violation of his probation, and (4) upon failure of respondent to follow any of the probationary guidelines, or upon his testing positive in any drug test, complainant shall be notified and seek to have respondent disciplined. The parties are not opposed to the above probationary terms. However, the complainant argues that the respondent should be suspended from the practice of law for a minimum of ninety days.

■ One of the primary factors in considering the appropriate discipline is the attorney's fitness to practice law. In *State ex rel. Oklahoma Bar Association v. Armstrong*, 791 P.2d 815 (1990), the respondent was given a suspended sentence after a conviction of Driving While Under the Influence of Intoxicating Liquor, Second Offense. Although the proceedings were brought under rules 7.1 through 7.7 of the Rules Governing Disciplinary Proceedings, the rationale applies equally to the facts of the present proceedings. This Court determined that a necessary factor in determining the appropriate discipline was whether the lawyer's conviction and underlying conduct reflected adversely on his ability to practice law. This Court remanded the proceeding and instructed the trial panel that relevant evidence included a history of the respondent's use of alcohol, treatment for abuse, respondent's reputation, and his ability to practice law.

■ Although one of the primary concerns is the respondent's fitness to practice law, other purposes of discipline are purification of the bar and deterrence of like behavior by both the respondent and other members of the bar. *State ex rel. Oklahoma Bar Association v. Denton*, 598 P.2d 663, 665 (Okla.1979). Complainant is rightfully concerned that to only place respondent on probation is inadequate to meet all objectives of discipline. Balancing the interest addressed by the trial panel, respondent, and the complainant is not an easy task. Weighing all the facts, we believe that the discipline recommended by the trial panel together with the addition of a suspension will most effectively further the competing concerns.

The complainant has filed an application to assess costs. The respondent has not responded. After a review of the application, this Court finds that complainant is entitled to be reimbursed for the expenses incurred in these proceedings. *See* Okla. Stat. tit. 5, ch. 1, App. 1–A, rule 6.16 (1981).

After *de novo* review of the record, the COURT FINDS AND HOLDS THAT:

(1) respondent shall be suspended from the practice of law for a period of ninety (90) days from the date of this Court's decision for his misconduct;

(2) respondent shall be placed on probation for a period of two (2) years from the date of this Court's decision;

(3) for this two (2) year period, respondent shall be subjected to random drug testing as recommended in the Recommended Findings of Fact and Conclusions of Law and Recommended Discipline of the Trial Panel, expenses of the testing to be paid by respondent;

(4) respondent shall participate with Lawyers Helping Lawyers for the same two (2) year period. Lawyers Helping

**172**

Lawyers shall report any failure of respondent to properly participate in that program to the complainant;

(5) respondent shall request that the Department of Corrections notify the complainant of any violation of his probation for the remainder of his probationary period;

(6) upon failure of respondent to follow any of the probationary guidelines outlined herein or upon his testing positive in any drug test as provided for herein, complainant may seek to have respondent disciplined for such violation;

(7) respondent is directed to pay the costs of this proceeding in the amount of $1,063.36 within thirty (30) days from the date of this Court's decision.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT that the respondent herein is suspended from the practice of law for a period of ninety (90) days and that the respondent comply with the conditions set out above.

HODGES, V.C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurring specially. This matter should have been handled under 5 O.S.1981 Ch. 1, App. 1-A, Rule 10.

OPALA, C.J., and SIMMS, DOOLIN and HARGRAVE, JJ., dissent.

SIMMS, Justice, with whom OPALA, Chief Justice, joins, dissenting.

I would suspend the respondent for a period of two years, which is the length of his court-imposed supervised probation.

DOOLIN, Justice, dissenting.

I would place the respondent on probation as did the Trial Panel and if respondent meets the terms of the deferred sentence, no disciplinary action is necessary for the charge becomes expunged. *Appeal of Estes*, 580 P.2d 977, 979, (Okl.1978).

I am authorized to say that Justice HARGRAVE joins in this dissent.