STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Darrell L. HOGUE, Respondent.

SCBD No. 3936.

Supreme Court of Oklahoma.

June 27, 1995.

## ORDER

KAUGER, Vice Chief Justice.

Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), recommendation of discipline for the respondent, Darrell L. Hogue (Hogue/attorney), THE COURT FINDS:

1. The Office of the General Counsel of the Bar Association filed a complaint against Hogue on June 3, 1993, pursuant to Rule 6, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. The complaint contains one count of professional misconduct which incorporates two separate acts of the attorney relating to the violation of Rule 8.4(b) and (d), Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, and Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A.

2. Both the Bar Association and Hogue stipulated to the following:

a) Hogue is a member of the Oklahoma Bar Association and licensed to practice law by the Oklahoma Supreme Court, and he was licensed when the complaint was filed. The attorney's name and address appears on the official roster maintained by the Bar Association as follows: Darrell L. Hogue, Attorney at Law, OBA # 4278, P.O. Box 18782, Oklahoma City, Oklahoma 73154.

b) The attorney is a retired Lieutenant Colonel in the United States Air Force. The Judge Advocate's Office of the United States Air Force charged Hogue with violations of Article 134 of the United States Code of Military Justice for unlawfully subscribing under lawful oath a false statement after he denied using drugs, and then failed a drug test. The Air Force Court Martial Tribunal found Hogue guilty. It ordered Hogue to forfeit $2,500.00 of pay a month for six months and incarcerated the attorney for six months. An appeal of the guilty verdict is pending.

c) In August of 1991, the attorney pled guilty to a charge of Driving Under the Influence and Transporting an Open Container in Oklahoma County District Court. He received a deferred sentence and was ordered to perform eighty hours of community service, pay costs, have his therapist provide written reports to the Court, and to participate in Alcoholics Anonymous.

d) The acts committed by the attorney violate the Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, and are cause for discipline as provided in the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

e) The attorney has been a member of the Oklahoma Bar Association since September 11, 1975, and has not been disciplined previously, and he has been routinely engaged in pro bono work.

f) The Trial Panel recommends that: 1) Hogue be suspended from the practice of law for a period of six months; 2) the attorney be on probation following the six month suspension for an additional eighteen months; 3) throughout his sus-

pension and probation, Hogue should regularly participate in Alcoholic's Anonymous (AA) and Lawyers Helping Lawyers (LHL); and 4) the attorney should report to the Office of the General Counsel of the Bar Association on a regular basis, providing documentation of his participation in AA and LHL.

3. In disciplinary matters, this tribunal exercises exclusive original jurisdiction. *State ex rel. Oklahoma Bar Ass'n v. Farrant,* 867 P.2d 1279, 1281 (Okla.1994); *State ex rel. Bar Ass'n v. Gasaway,* 810 P.2d 826, 830 (Okla.1991). Our review is *de novo* in considering the record presented as well as recommendations for discipline. *State ex rel. Oklahoma Bar Ass'n v. Farrant,* supra at 1284; *State ex rel. Oklahoma Bar Ass'n v. Stubblefield,* 766 P.2d 979, 982 (Okla.1988). The conduct complained of is in violation of Rule 8.4(b) and (d), Rules of Professional Conduct, 5 O.S. 1991, Ch. 1, App. 3–A, and Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A. We agree with the recommendations for discipline proposed by the trial panel.

4. The attorney has agreed to pay costs of $512.79 incurred by the Oklahoma Bar Association in the investigation of this matter. Rule 6.16, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

IT IS THEREFORE ORDERED that the respondent be suspended from the practice of law for a period of six months, and that he be placed on probation for an additional eighteen months following the six month suspension.

IT IS FURTHER ORDERED that the respondent, as a condition of the suspension and probation, regularly participate in Alcoholic's Anonymous (AA) and Lawyers Helping Lawyers (LHL); and that the respondent file a report quarterly with the Office of the General Counsel of the Bar Association which provides evidence and proof of his participation in AA and LHL.

IT IS FURTHER ORDERED that the respondent pay all costs incurred by the Bar Association in the investigation of this matter in the amount of $512.79.

KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, SUMMERS and WATT, JJ., concur.

HARGRAVE, J., dissents.

OPALA, Justice, dissenting.

I would impose more severe discipline.