STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SHYERS
2023 OK 20
Case Number: SCBD-7212
Decided: 03/07/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 20, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
PHILLIP JOHN SHYERS, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 Pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, this summary disciplinary proceeding arises from Respondent's pleas of guilty to four misdemeanor charges for actual physical control of a vehicle while in possession of two controlled substances and drug paraphernalia. This Court issued an Order of Immediate Interim Suspension of Respondent's license to practice law. Respondent waived a hearing before the Professional Responsibility Tribunal. The Oklahoma Bar Association recommended that Respondent be suspended for one year. We hold that Respondent's conduct warrants a suspension conditioned upon his successful completion of his deferred sentence on January 27, 2024, including meeting the financial obligations and other requirements of his probation.

THE RESPONDENT IS SUSPENDED CONDITIONED UPON HIS 
SUCCESSFUL COMPLETION OF HIS DEFERRED SENTENCE ON
JANUARY 27, 2024, INCLUDING MEETING THE FINANCIAL OBLIGATIONS 
ND OTHER REQUIREMENTS OF HIS PROBATION.

Stephen L Sullins, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Sheila J. Naifeh, Tulsa, Oklahoma, for Respondent.

Winchester, J.

¶1 On December 17, 2020, Respondent Phillip John Shyers (Shyers) was arrested for driving a vehicle while under the influence of drugs, possession of a controlled substance identified as cocaine, possession of a controlled substance identified as marijuana (without a valid prescription or an order from a practitioner), and possession of drug paraphernalia. The Noble County District Attorney subsequently charged Shyers in case no. CM-2020-122 with four counts: Count 1, Driving a Motor Vehicle While Under the Influence of Drugs, a misdemeanor; Count 2, Possession of Controlled Substance, a misdemeanor; Count 3, Possession of Controlled Substance, a misdemeanor; and Count 4, Unlawful Possession of Drug Paraphernalia, a misdemeanor. Shyers pled guilty to all four misdemeanor charges after Count 1 was reduced to Actual Physical Control.

¶2 This Court entered an Order of Immediate Interim Suspension on March 21, 2022, ordering Shyers to show cause why the Court should set aside the interim suspension. Shyers did not respond within the time allotted to him. On May 25, 2022, Shyers requested to respond out of time, and the Court granted his request. The Court then denied his request to lift his interim suspension.

¶3 Shyers waived a hearing in front of the Professional Responsibility Tribunal and requested additional time to file a brief. The Court granted Shyers's request, and Shyers filed a brief in support of mitigation, requesting that this Court only publicly censure him. The OBA responded, pointing out the seriousness of Shyers's crimes and his history of failing to protect his law license from suspension. The OBA recommended that Shyers be suspended for one year, with conditions included to address his substance abuse issues.

I. FINDINGS

¶4 On September 25, 2018, Shyers received his license to practice law in Oklahoma. He practiced law, in good standing, until his suspension by this Court on June 7, 2021, for failure to pay bar dues. See In re Suspension of Members of Okla. Bar Ass'n, 2021 OK 36

¶5 This matter arises from Shyers's pleas of guilty to four drug-related misdemeanor charges. On December 17, 2020, Shyers was driving in Perry, Oklahoma, while under the influence of an intoxicating substance. Shyers claimed he injected himself with Suboxone, a medication used to treat opioid addiction, and pulled his car over when he became sick. A witness called the police to respond to where Shyers was located. When law enforcement arrived, an officer located Shyers in his parked vehicle, rolling a marijuana cigarette. The officer found marijuana, cocaine, and a pipe used for smoking illicit substances in Shyers's vehicle. The Noble County District Attorney charged Shyers with four misdemeanor charges, and Shyers pled guilty to all charges after Count 1 was reduced from Driving Under the Influence to Actual Physical Control. After Shyers tendered pleas of guilty, the district court deferred sentencing for two years, until January 27, 2024, and placed Shyers on probation, which included supervision by the district attorney for 18 months. The district court ordered Shyers to undergo an alcohol and drug assessment and follow the assessment's recommendations; attend a Victim's Impact Panel course; complete DUI school; undergo random urinalysis; and serve one weekend in the Noble County jail. He also must pay fines in the amount of $250 for each charge, probation fees, and costs.

¶6 On March 15, 2022, the OBA sent Shyers an Order to Show Cause as to why he had not complied with the Mandatory Continuing Legal Education (MCLE) requirements for the year 2021. Shyers failed to show cause why his membership should not be suspended, and on June 6, 2022, this Court suspended Shyers. See In re Suspension of Members of Okla. Bar Ass'n, 2022 OK 53

Mitigation

¶7 After his arrest, Shyers claims that he underwent an alcohol and drug assessment and followed all its recommendations. He attended AA meetings twice a week, was involved in the Lawyers Helping Lawyers program, and completed a DUI school as well as a Victim's Impact Panel course. Shyers states that he also attended weekly outpatient counseling from June 2021 to December 2021 with Richard Crawford, LPC, LMFT. His counseling was not only for his continued sobriety, but also for the loss of his marriage and coparenting.

¶8 Shyers is currently employed at the firm Doney & Whalen, P.L.L.C. as a paralegal. R. Matt Whalen, who is now the Associate District Judge of Ottawa County, provided a reference letter for Shyers. Judge Whalen stated that he has observed the changes that Shyers has made in his personal and professional life in the past few years, and he believes Shyers has "much to offer the legal community as a practicing attorney."

¶9 Shyers states that he chose to take a break from the practice of law in 2021, due to his recent divorce. He claims he needed to focus on his mental health and give undivided time to his children. Shyers argues that this Court should take into consideration that in addition to his interim suspension, Shyers "self-suspended" for one year. However, Shyers does not mention that his self-suspension corresponds with when this Court suspended him on June 7, 2021, for his failure to pay his bar dues. He did not pay the past-due bar dues until May 2022, almost a year after his suspension.

¶10 On September 22, 2022, Shyers requested additional time to submit a brief and evidence to mitigate the severity of discipline in this matter. Shyers's stated reason for the request was for him to obtain documents and evidence from his therapist and his Lawyers Helping Lawyers sponsor. The Court granted his request. Yet, besides the reference letter from his current employer, Shyers provided no document or other evidence to mitigate the severity of discipline, including any documents reflecting the courses he completed, attendance at AA meetings or the Lawyers Helping Lawyers program, or completion of any of the other requirements of his deferred sentence. He also waived a hearing with the Professional Responsibility Tribunal and provided no sworn testimony as to the circumstances that led to his arrest and the steps he has taken to rehabilitate himself.

¶11 The OBA counters Shyers's mitigation evidence by noting that Shyers does not address whether he continued counseling or treatment past 2021 or whether he is currently involved in any substance abuse programs. A review of his criminal docket shows that Shyers has not completed all the requirements of his deferred sentence. As of the December 2022 compliance docket, Shyers's payments on fees and costs were past due, owing $320.00. He also must still attend two months of self-help meetings (AA-NA), a 12-week drug/alcohol education class, and undergo monthly drug tests. Shyers's failure to complete the basic requirements of his deferred sentence demonstrates his lack of continuing or current treatment.

II. STANDARD OF REVIEW

¶12 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91127 P.3d 600de novo. State ex rel. Okla. Bar Ass'n v. Anderson, 2005 OK 9109 P.3d 326State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50142 P.3d 420

III. DISCUSSION

¶13 Shyers's pleas of guilty to the four misdemeanor drug charges serve as the basis for this summary disciplinary proceeding. Rule 7.1 of the Rules Governing Disciplinary Proceedings (RGDP) provides:

A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.

¶14 Not every criminal conviction or guilty plea facially demonstrates a lawyer's unfitness to practice law. State ex rel. Okla. Bar Ass'n v. Armstrong, 1990 OK 9791 P.2d 815State ex rel. Okla. Bar Ass'n v. Willis, 1993 OK 138863 P.2d 1211Id.

¶15 We previously held that possession of illicit drugs is a crime of moral turpitude and subject to discipline. State ex rel. Okla. Bar Ass'n v. Denton, 1979 OK 116598 P.2d 663State ex rel. Okla. Bar Ass'n v. Blackburn, 1999 OK 17976 P.2d 551

¶16 Shyers's drug-related offenses provide clear and convincing evidence of his engaging in conduct that reflects adversely on the legal profession in violation of his professional duties according to ORPC Rule 8.4(b)

IV. DISCIPLINE 

¶17 This Court has addressed an attorney's discipline for misconduct involving the possession of illicit drugs in a handful of cases. We have imposed discipline ranging from public censure to suspension for two years and one day. See, e.g., State ex rel. Okla. Bar Ass'n v. Bounds, 2018 OK 19415 P.3d 519State ex rel. Okla. Bar Ass'n v. Soderstrom, 2013 OK 101321 P.3d 159 State ex rel. Okla. Bar Ass'n v. Smith, 2011 OK 8, 246 P.3d 1090 (attorney publicly reprimanded along with one year deferred suspension with probationary conditions for attempting to obtain a controlled substance with a forged prescription); State ex rel. Okla. Bar Ass'n v. Aston, 2003 OK 101, 81 P.3d 676 (attorney suspended for six months for possession of marijuana); State ex rel. Okla. Bar Ass'n v. Hogue, 1995 OK 64 898 P.2d 153State ex rel. Okla. Bar Ass'n v. Willis, 1993 OK 138, 862 P.2d 1211 (attorney suspended for 15 months, commencing on the date of interim suspension after conviction for obtaining a controlled substance by representation); State ex rel. Okla. Bar Ass'n v. Arnett, 1991 OK 44, 815 P.2d 179 (attorney suspended for ninety days for conviction of possession of controlled substance); State ex rel. Okla. Bar Ass'n v. Thompson, 1989 OK 123, 781 P.2d 824 (attorney suspended for nine months for conviction of possession of marijuana).

¶18 The Aston case helps guide the Court's imposition of discipline here. 2003 OK 10181 P.3d 676Id. at ¶ 7, 81 P.3d at 677-78. The attorney cooperated in every part of the disciplinary process, and the Professional Responsibility Tribunal and the Court found that he assumed responsibility for his actions. Id. at ¶ 15, 81 P.3d at 680. The attorney had previously received a private reprimand in 2001 when he pled no contest to two misdemeanor charges of possession of marijuana and being drunk in public. Id. at ¶ 14, 81 P.3d at 680. The Court suspended the attorney from the practice of law for six months, along with conditioned supervision for two years. Id. at ¶ 21, 81 P.3d at 681

¶19 Likewise, in State ex rel. Oklahoma Bar Association v. Denton, 1979 OK 116598 P.2d 663

¶20 We have continually upheld that in cases involving substance abuse, the Court may mitigate the discipline warranted when an attorney recognizes the adverse effect of his substance abuse and cooperates in the treatment for it. See, e.g., State ex rel. Okla. Bar Ass'n v. Giger, 2001 OK 9637 P.3d 856State ex rel. Okla. Bar Ass'n v. Willis, 1993 OK 138863 P.2d 1211State ex rel. Oklahoma Bar Ass'n v. Soderstrom, 2013 OK 101321 P.3d 159

¶21 Here, there is no evidence of neglect of clients or cases because of Shyers's drug possession or use. Yet unlike Aston, there is very little evidence that Shyers took responsibility for the crimes he committed or that he took positive actions to treat his drug use. Further, there is no evidence that he is currently taking any action to rehabilitate himself--despite the Court giving Shyers ample time to produce that information. Also, unlike Aston, Shyers has not been rigorous in his completion of the requirements of his deferred sentence as he still has many requirements outstanding. In short, Shyers presents the Court with no substantive mitigation evidence.

¶22 This Court has further had to repeatedly suspend Shyers for his failure to comply with the MCLE rules and to pay his bar dues. He also had to twice request permission from this Court to respond to a show cause order out of time and for an extension of time to file a brief in support of mitigation in this disciplinary matter. We have said that attorneys who fail to discharge the minimal burdens to protect their own interests cannot be expected or trusted to act to protect the interests of their clients, the public, and the legal profession. State ex rel. Okla. Bar Ass'n v. Sweet, 2021 OK 57499 P.3d 748

¶23 For these reasons, as in Denton, Shyers should be suspended the length of his deferred sentence to ensure a considerable period of sobriety, adequate rehabilitation, and his ability to protect his license, so that the Court can trust Shyers to handle client matters.

IV. CONCLUSION

¶24 Shyers's actions provide clear and convincing evidence of engaging in conduct that reflects adversely on the legal profession in violation of his professional duties pursuant to ORPC Rule 8.4 and RGDP Rule 1.3. The conduct serves as a basis for the imposition of discipline. Shyers's deferred sentence and failure to protect his law license are of considerable concern. Shyers provided no evidence of the steps he is now taking to avoid such behavior in the future, and it would therefore be beneficial for Shyers to complete his deferred sentence to advance his rehabilitation. Shyers is therefore suspended from the practice of law conditioned upon the successful completion of his deferred sentence on January 27, 2024. Shyers is required to abide by the conditions of his probation. Shyers shall pay the balance of the costs, fines, fees, and assessments ordered in CM-2020-122 by January 27, 2024. He must also complete the conditions of his probation and all other requirements of his deferred sentence set by the district court. Shyers must immediately notify the OBA in the event his probation is accelerated. Upon completion of his deferred sentence, Shyers must provide written documentation to the OBA of his successful completion of his deferred sentence before reinstatement will be allowed. If the OBA finds that Shyers has successfully completed his deferred sentence, Shyers will be reinstated to practice law without an order from this Court contingent upon Shyers also seeking reinstatement for his noncompliance with the rules of MCLE and full payment of all outstanding bar dues.

THE RESPONDENT IS SUSPENDED CONDITIONED UPON HIS 
SUCCESSFUL COMPLETION OF HIS DEFERRED SENTENCE ON 
JANUARY 27, 2024, INCLUDING MEETING THE FINANCIAL OBLIGATIONS 
AND OTHER REQUIREMENTS OF HIS PROBATION.

ALL JUSTICES CONCUR. 

FOOTNOTES

Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

ORPC 8.4(b) provides in pertinent part:

It is professional misconduct for a lawyer to:

. . . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . . .

RGDP 1.3 provides:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.