STATE ex rel. OKLAHOMA BAR ASSOCIATION v. EZELL
2024 OK 81
Case Number: SCBD-7788
Decided: 12/09/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2024 OK 81, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant, v. JULIA MARIE EZELL, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent Julia Marie Ezell, OBA No. 21168, from membership in the Oklahoma Bar Association. Respondent requests that she be allowed to relinquish her license to practice law and to resign her bar membership pending disciplinary proceedings, as detailed in her affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 Respondent's affidavit notes that on June 16, 2020, this Court suspended her from the practice of law for one year, effective from October 22, 2019. See Okla. Bar Ass'n v. Ezell, 2020 OK 55466 P.3d 55121 O.S.2011, § 58921 O.S.2011, § 1958

¶3 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on September 26, 2006. On October 22, 2024--while the subject of an investigation into allegations of misconduct--Respondent executed her written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on November 1, 2024.

(2) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting her resignation.

(3) Respondent is aware that grievances have been filed against her and are being investigated by the Office of the General Counsel, Oklahoma Bar Association, in the following matters:

a) DC 23-190: A grievance opened by the Office of the General Counsel on September 14, 2023 after being notified by the bank that Respondent had insufficient funds in her IOLTA account. Respondent admits she did not provide full and fair disclosure of the relevant facts in her written responses during the OBA's investigation.

b) DC 24-28: A grievance brought by client Kathryn Kilpatrick on January 5, 2024, alleging that Respondent signed Ms. Kilpatrick's name on a legal document without her consent or knowledge.

c) DR 24-157: A grievance opened by the Office of the General Counsel on August 23, 2024 after Respondent self-reported that she converted approximately $123,177.78 in client funds for personal use.

(4) Respondent acknowledges that if the investigation results in Complainant filing a formal complaint and the allegations are proven, her conduct would constitute violations of Rules 1.5, 1.15, 8.1(b), 8.4(a)-(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, Rules 1.3 and 5.2, RGDP, and the Oath of Attorney.

(5) Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the OBA allegations resulting from the pending investigation.

(6) Respondent states that she has familiarized herself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of her resignation.

(7) Respondent recognizes that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove her resignation is in the sole discretion of the Oklahoma Supreme Court; (b) she may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) she may not apply for reinstatement of her license to practice law (and of her membership in the Bar) before the expiration of five (5) years from the date of this Order.

(8) Respondent acknowledges that, as a result of her conduct, the Client Security Fund may receive claims from her former clients. Respondent agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, she will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(9) Respondent affirms that she will surrender her Oklahoma Bar Association membership card to the Office of the General Counsel or destroy it.

(10) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by her.

(11) It is Respondent's understanding Complainant has not incurred any costs in its investigation of these matters.

(12) Respondent's address appears on the official Bar roster as: 1603 E. 19th

¶4 IT IS THEREFORE ORDERED that the resignation of Julia Marie Ezell tendered during the pendency of disciplinary proceedings be approved and that her resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma. The effective date of Respondent's resignation is not changed by the prior suspension in 2020. See Okla. Bar Ass'n v. Bourland, 2001 OK 1219 P.3d 289

¶5 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of her license to practice law (and of her membership in the Bar) before the lapse of five (5) years from the date of this Order.

¶6 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

¶7 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶8 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 9th DAY OF DECEMBER, 2024.

/S/Chief Justice

Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Combs (by separate writing), Gurich, Darby, and Kuehn, JJ., concur

 

 

COMBS, J., concurring specially:

¶1 I concur in the special order approving Respondent's resignation pending disciplinary proceedings under Rule 8.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, only because it has the same practical effect as disbarring her.

¶2 After the passage of 5 years from the date of this Court's order, Respondent will have the opportunity to petition for reinstatement under Rule 11.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A. At that juncture, I want this Court to remember the full history of Respondent's disciplinary record.

¶3 Her first disciplinary proceeding is detailed in our opinion for State ex rel. Oklahoma Bar Association v. Ezell, 2020 OK 55466 P.3d 551Id. ¶ 4, 466 P.3d at 553. Respondent "experienced extreme stress due to the pressure to draft the medical marijuana rules," which eventually led to her to "beg[in] sending threatening emails from a fictitious email address to her official government email address that appeared to be authored by the proponents of the medical marijuana referendum" in July of 2018. Id. ¶ 5, 466 P.3d at 553. Respondent "sent emails to herself containing escalating threats and falsely reported the emails to OSDH, which launched an OSBI investigation that cost over $20,000." Id. ¶ 17, 466 P.3d at 555. After the OSBI discovered her ruse, Respondent "attempt[ed] to cover up her involvement in this scheme[, thereby] obstruct[ing] OSBI's investigation, and [she] implicated a co-worker, a former high school acquaintance, and medical marijuana proponents as potential suspects"--all of which "resulted in the misuse and waste of state resources." Id. On July 17, 2018, the Oklahoma County District Attorney charged Respondent with two felonies and one misdemeanor: (1) a felony count of Use of a Computer to Violate Oklahoma Statutes that Prohibit Sending Threatening Communications in violation of 21 O.S.2011, §§ 117221 O.S.2011, § 58921 O.S.2011, § 453Ezell, 2020 OK 55State v. Ezell, No. CF-2018-3403 (Okla. Cty. Dist. Ct. filed July 17, 2018), attached as Ex. 1 to Notice of Deferred Sentence, State ex rel. Okla. Bar Ass'n v. Ezell, SCBD No. 6847 (Okla. filed Oct. 22, 2019). Respondent's "actions gained wide-spread media attention on both the local and national level." Ezell, 2020 OK 55Id. ¶ 9, 466 P.3d at 554; J. & Sentence & Summ. of Facts on Plea of Guilty Misdemeanor 2, State v. Ezell, No. CF-2018-3403 (Okla. Cty. Dist. Ct. filed Oct. 16, 2019), attached as Ex. 2 to Notice of Deferred Sentence, supra. Six days later, the Bar Association filed a Notice of Deferred Sentence pursuant to Rule 7.2 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, informing this Court of Respondent's guilty plea and deferred sentence. This Court entered an Order of Immediate Interim Suspension pursuant to Rule 7.3 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, on November 4, 2019. State ex rel. Okla. Bar Ass'n v. Ezell, 2019 OK 71Ezell, 2020 OK 55Id. ¶ 1, 466 P.3d at 558 (Combs, J., dissenting). It also allowed for Respondent to begin practicing law again once her suspension ended in November of 2020, well before her deferred sentence in the criminal case would expire in October of 2024. Id. ¶ 4, 466 P.3d at 558 (Combs, J., dissenting).

¶4 Now in what constitutes Respondent's second disciplinary proceeding, Respondent acknowledges in her affidavit supporting her petition for resignation that she misappropriated "approximately $123,177.78 in client funds for [her] personal use from late fall of 2022 through August 14, 2024." Aff. of Resignation Pending Disciplinary Proceedings ¶ 5(c), at 3. She also acknowledges that she "likely" forged a client's name on a legal document but has no memory of doing so because her "judgment was compr[om]ised during that time period due to an addiction to prescription opiate pain medication." Id. ¶ 5(b), at 2--3. It appears that no criminal charges have been filed in relation to Respondent's conversion of client funds. Moreover, even though Respondent's addiction and criminal conversion of funds would presumably serve as bases for accelerating her deferred sentence in the original criminal case, it would seem that never happened. Instead, as of this writing, the original criminal case appears to have been expunged less than a month after the deferred sentence expired, as the Oklahoma County Court Clerk has no record of Case No. CF-2018-3403 against Respondent. By all appearances, Respondent has avoided criminal sentencing for her actions once again.

¶5 I wish to reaffirm my position that this Court should not discipline attorneys with criminal convictions under Rule 7 of the RGDP in a manner that allows them to be readmitted while either a deferred sentence or a suspended sentence is pending. Respondent's disciplinary history emphasizes my repeated concern that questions how this Court can protect the integrity of the legal profession if we allow a lawyer to practice law while on criminal probation with specific terms and conditions to avoid conviction or incarceration. See In re Reinstatement of Barnett, 2022 OK 87520 P.3d 840State ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20323 P.3d 222State ex rel. Okla. Bar Ass'n v. Brown, 2013 OK 40303 P.3d 895

¶6 In my earlier dissent from Respondent's first disciplinary proceeding, I was of the opinion that suspension from the practice of law for the duration of her lengthy deferred sentence was appropriate. Ezell, 2020 OK 55466 P.3d at 559See Rule 11.1(b) of the RGDP, 5 O.S.2021, ch. 1, app. 1-A. To the extent reinstatement also looks at "[t]he severity of the original offense and the circumstances surrounding it" and at "[w]hether or not the applicant possesses good moral character," id. at Rules 11.4, 11.5(a), I want the record to be clear for all future members of this Court who may decide whether to readmit Respondent in the future.